UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEAN BUTEAU REMARQUE,
A065 857 251,

      Petitioner,

      v.

CRAIG A. LOWE,

      Respondent.

CIVIL ACTION NO. 3:26-cv-00180

(SAPORITO, J.)

## MEMORANDUM

On January 27, 2026, the Court received and filed the instant *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the petitioner, Jean Buteau Remarque, on January 15, 2026. Doc. 1. In this petition, Remarque, a native and citizen of Haiti, challenges the legality of a final order of removal entered by an immigration judge and the legality of his related post-removal-order detention. At the time of filing, Remarque was being held in the custody of United States Immigration and Customs Enforcement ("ICE") at Pike County Correctional Facility, located in Pike County, Pennsylvania.

Section 242(a)(5) of the Immigration and Naturalization Act ("INA") provides that "a petition for review filed with an appropriate

court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Thus, this federal district court lacks jurisdiction over the petitioner's challenge to his removal order. *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020) (citing 8 U.S.C. § 1252(a)(5)).

"District courts also lack jurisdiction to review most claims that even *relate* to removal." *Id.* (emphasis added). Section 242(b)(9) of the INA provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order" of removal. 8 U.S.C. § 1252(b)(9). To the extent the petitioner challenges his detention, his arguments are identical to his arguments against removal. *See, e.g.,* Pet. ¶ 13 ("If the order of removal is unlawful, so is the detention."), Doc. 1, at 7. Because the petitioner's detention-specific claim "just repackages his challenges to his removal," this federal district court lacks jurisdiction to adjudicate that claim. *See Khalil v. President*, 164 F.4th 259, 277 (3d Cir. 2026) (per curiam).

Accordingly, the petition will be dismissed for lack of jurisdiction.

An appropriate order follows.

Dated: February 24, 2026          *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States District Judge